HARRIS, Judge.
Dent and Vera Snider appeal from a final judgment denying their title to certain property. Because we find that the trial court misconstrued the effect of the documentary evidence, we reverse.
*873 The Sniders owned property on Church Lake in Marion County. The property was originally purchased by Mrs. Snider’s mother, Mrs. Poole, in 1943 from Mr. D.A. Suther. The description, metes and bounds, started from the northeast corner of a certain quarter-section and contained a southern boundary line that purported to be a fence line which had existed prior to 1943.
Bernard and llene Schultz purchased property — also from D.A. Suther — immediately to the south of the Snider tract. The Schultzs’ legal description, also metes and bounds, started from the southeast corner of the same quarter-section. The Schultzs’ description extends four feet north of the fence line.
Since both the Sniders and the Schultzs claim from a common source, Suther, and the Sniders’ chain is first in time, the issue before the trial judge was quite simple. Did the Sniders’ description actually convey down to the 1943 fence line and, if so, did the Schultzs’ description extend four feet north of that same fence line? If so, then contrary to the trial court’s finding, an overlap existed.'
Since the trial court based its finding of no overlap on its interpretation of certain surveys and legal descriptions before it— and not on conflicting surveyor testimony — a less rigid standard of review is appropriate. As the supreme court stated in West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla.1958):
The presumption of correctness due the ruling of a chancellor based on a written record, where his effort has been directed to determining the probative force and legal effect of the written record, is slight for the reason that we have everything before us that he had before him and we have the same opportunity to weigh it as did the chancellor.
In our case three surveys were received as evidence:
The 1955 survey of the Poole (now Snider) tract following the exact description contained in their chain of title and showing the south boundary as being along an existing fence line.
The 1952 survey of the Butler tract (now Schultz) following generally the description contained in the Schultz chain of title and showing the north boundary as being that same fence line. This survey is interesting, however, because even though the call for the eastern boundary was 99 feet, 10 inches, the survey limited that distance to 95.67 feet because to go the entire call would have gone beyond the fence line by four feet. This would have resulted in an overlap.
The 1987 survey of the Schultz property prepared in conjunction with this dispute measured the eastern line of the property the entire 99.10 feet[1] and shows the north boundary about 4 feet north of the fence line, thus showing on the survey the four foot overlap.
Donald Stanaland, a surveyor employed by the company that performed the original Butler (1952) and Poole (1955) surveys, undertook to check the accuracy of these surveys in 1988. He did additional field work to verify the previous field work. He located the iron pipe referred to in the 1952 survey and it was in line with and actually a corner of the original fence. Stanaland also confirmed that the description in the Snider chain of title ran substantially along the fence line.
Although the record reveals that the original fence was replaced in 1953, all of the evidence shows that it was replaced in the same location. Not only is that the testimony of the people who replaced the fence and those (Mrs. Snider) who watched the replacement, it is also evident by comparing the 1952 survey and the 1987 survey.
In short, the court’s finding that an overlap did not exist is contrary to all the evidence in this record. Since the record established that Suther conveyed the 4 foot strip in question to the Snider chain in 1943, he could not later convey that same 4 feet to the Schultz chain in 1951.
*874 REVERSED for further proceedings consistent with this opinion.
COWART and GOSHORN, JJ., concur.

. This surveyor has apparently converted 99 feet 10 inches into 99.10 feet. This error, however, does not materially affect the survey for the purpose of this litigation.